IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| VKANSEE TECHNOLOGY INC., VKANSEE (BEIJING) TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., <br><br> Defendant. | Case No.2:25-cv-00634 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vkansee Technology Inc. ("Vkansee US") and Vkansee (Beijing) Technology Co., Ltd. ("Vkansee (Beijing)") (collectively, "Vkansee" or "Plaintiffs"), for their Complaint against Defendant OnePlus Technology (Shenzhen) Co., Ltd., ("OnePlus" or "Defendant"), allege the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

### THE PARTIES

2. Vkansee US is an entity organized under the laws of New York.

3. Vkansee (Beijing) is an entity organized under the laws of the Peoples Republic of China, with a place of business at Room 1309, Building 2D, East Fenghao Road, Haidian District, Beijing 100094, China.

4. Defendant OnePlus Technology (Shenzhen) Co., Ltd. is a corporation organized and existing under the laws of China, with its principal place of business at 18F, Tairan

1

Building, Block C, Tairan 8th Road, Chegongmiao, Futian District, Shenzhen, Guangdong, 518040, China.

5. Upon information and belief, Defendant is in the business of providing information and communication technology solutions. Specifically, Defendant provides and makes available for sale wireless telecommunications equipment, including smartphones and mobile devices.

6. Upon information and belief, Defendant sells, offers to sell, and/or uses products throughout Texas, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant. Defendant has continuous and systematic business contacts with the State of Texas and has committed and continues to commit acts of patent infringement in the United States, including in the State of Texas, by making, using, offering to sell, and/or selling accused products in the United States and Texas, and/or importing accused products into the United States and Texas. In addition, Defendant conducts its business extensively throughout Texas and derives substantial revenue in Texas, by shipping, distributing, offering for sale, selling, and advertising (including through an interactive web page) its products and/or services in the State of Texas and the Eastern District of Texas. Defendant has purposefully and voluntarily placed in the stream of commerce one or more products and/or services that practice the Asserted Patent (as set forth below) with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. For example, Defendant advertises its products (including those accused in this Complaint) for purchase on its webpage, accessible from the United States, including Texas, such

as at https://www.oneplus.com/store/phone. Further, https://www.oneplus.com includes a Use of Cookies Agreement (https://www.oneplus.com/legal/use-of-cookies) that imposes terms between users and "OnePlus Technology (Shenzhen) Co., Ltd (referred to as we, us or OnePlus)."

> "1.1 This Cookie Policy explains how OnePlus Technology (Shenzhen) Co., Ltd (referred to as we, us or OnePlus), uses cookies on our website at https://www.oneplus.com"

Defendant also advertises on its website (for example at https://www.oneplus.com/oneplus n200-5g) that certain of its products are available for purchase from T-Mobile (https://www.t-mobile.com/cell- phone/oneplus-nord-n200-5g), Amazon (https://www.amazon.com/OnePlus-Unlocked-Android- Smartphone-Charging/dp/B07XWGWPH5), and Best Buy (https://www.bestbuy.com/site/oneplus-nord-n200-5g-64gb-unlocked-blue-quantum/6468089.p).

10.    Defendant's products accused in this Complaint are and have been sold in physical T-Mobile retail stores and Best Buy stores located within the State of Texas and the Eastern District of Texas, for example at 5514 S Broadway Ave, Tyler, TX 75703; 422 W Loop 281 STE 100, Longview, TX 75605; 4210 St Michael Dr, Texarkana, TX 75503; and 2800 N Central Expy, Plano, TX 75074. In fact, Plaintiff purchased and picked up an accused product – a OnePlus 12 phone – from the Best Buy store in Plano, Texas. The purchase receipt and pictures of the purchase phone is attached. Exhibit 1.

11.    In addition, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

12.    Venue is proper in this district, as Defendant is organized under the laws of China. Under 28 U.S.C. § 1391(c)(3), "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## ACCUSED INSTRUMENTALITIES

13. Defendant makes, uses, sells and offers for sale, provides, and causes to be used, now and within the past six years, the electronic devices incorporating in-display optical fingerprint sensors as identified in the infringement claim chart referenced in Paragraph 26 below. Certain features of these devices and their in-display optical sensors are discussed at various webpages, including the following: (i) https://www.oneplus.com/us/blog/thanks_giving, attached as Exhibit 2; (ii) https://www.cnet.com/tech/mobile/oneplus-6t-in-screen-fingerprint-sensor-confirm-on-display-exclusive/, attached as Exhibit 3; (iii) https://www.oneplus.com/global/6t/specs, attached as Exhibit 4; (iv) https://www.oneplus.com/us/12/specs, attached as Exhibit 5; (v) https://www.oneplus.com/global/nord-3-5g/specs, attached as Exhibit 6; and (vi) https://www.youtube.com/watch?v=j3YQAoN2wGM, an online video, a screenshot of which is attached as Exhibit 7.

14. Defendant also advertises, on various pages of its website, that "In-Display Fingerprint Sensor" is included in the specifications for at least the OnePlus 6/6T, OnePlus 7/7T/7 Pro, OnePlus 8/8T/8 Pro, OnePlus 8T, OnePlus 9 5G/9 Pro 5G, OnePlus 10/10 Pro 5G, OnePlus 11/11Pro 5G, OnePlus 12/12R, OnePlus Nord3/N20/N30/ and OnePlus Nord4.

## PATENT-IN-SUIT

15. The Asserted Patent is U.S. Patent No. 10, 482, 309 (the "'309 Patent").

16. On November 19, 2019, the '309 patent was duly and legally issued by the United States Patent and Trademark Office entitled "Method and apparatus for controlling fingerprint acquisition based on a display screen and electronic device."

17. Vkansee (Beijing) is the assignee and owner of the right, title and interest in and to the '309 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

18. Vkansee is the exclusive licensee of all substantial rights to the '309, including the right to exclude, to sue for infringement, and to damages and an injunction for infringement, and the

right to grant a sublicense of all or any portion of its rights under the license.

## BACKGROUND

19.	Prior to 2014, fingerprint sensors on smartphones were capacitive. They were typically integrated with the physical Home Button, such as the 2013 model of the Apple's iPhone 5S. Other brands also installed sensors on the back of the phone or at the power button.

20.	Subsequently, the OLED screens of superior display quality began to replace the LCD screens. With the rise of full-screen phones, the physical buttons at the bottom also started to disappear.

21.	In 2014, as an industry leader in the design of optical sensors, Vkansee determined that an optical fingerprint acquisition sensor could be integrated into OLED display screens. Vkansee developed the MAPIS (Matrix Pinhole Image Sensing) technology and introduced it to the public by demonstrating at CES, MWC and other industry exhibitions in 2015 and 2016. The optical in-display fingerprint sensor adapted to the full-screen display and integrated with the OLED screens. It provided a more user-friendly and convenient way to achieve biometric authentication.

22.	As part of these innovations, Vkansee's engineers determined that light emission from a touchscreen display of an electronic device could provide sufficiently strong lighting for fingerprint imaging, but use of this light source across the expanse of the screen or for an extended period is undesirable, because this would consume too much power for most electronics and would potentially damage the screen. Thus, Vkansee sought to design a technique and device utilizing high-brightness touchscreen display for lighting for the fingerprint scanning area *only* after the finger is placed (detected through touch signals). Moreover, because illumination needs to occur within the region that the sensor is located, Vkansee engineers sought to design a technique and device utilizing the display to illuminate this region in order to direct placement of finger intended for fingerprint imaging. Such technique and device successfully maintains low power consumption and eliminates damage to the display caused by strong screen illumination.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 10,482,309

23. The allegations set forth in the foregoing paragraphs are incorporated into this claim for relief.

24. On November 19, 2019, the '309 Patent, entitled "Method and apparatus for controlling fingerprint acquisition based on a display screen and electronic device", was duly and legally issued by the United States Patent and Trademark Office from U.S. Patent Application No. 15/561,235, filed on May 9, 2017.  A true and correct copy of the '309 Patent is attached as Exhibit 8.

25. Vkansee holds all rights, title and interest in and to the '309 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for its infringement.

26. Upon information and belief, Defendant has and continues to directly infringe one or more claims of the '309 patent by making, using (e.g., developing, testing, installing or otherwise using), offering to sell, selling, or importing into the United States products, specifically one or more of the products identified in Exhibit 9 hereto (the "Accused Instrumentalities").

27. Exemplary infringement analysis showing infringement of at least claim 9 of the '309 patent is set forth in Exhibit 9.  This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Defendant with respect to the '309 patent.  Vkansee reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '309 patent.

28. Upon information and belief, users of devices containing Accused Instrumentalities have and will continue to directly infringe at least claim 9 of the '309 patent.

29. Upon information and belief, Defendant has knowledge of the '309 patent at least as early as its receipt of this Complaint.  Defendant is further believed to have knowledge of the '309 patent and its relevance to the technology in the Accused Instrumentalities in view of an international

search report mailed to Defendant's corporate parent, Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("OPPO"), on April 1, 2020, regarding OPPO's international patent application no. PCT/CN2020/070306, which identified the publications of the family of '309 patent. Relatedly, during the examination of OPPO's U.S. national stage application from the aforementioned international application (U.S. Patent App. 17/378,497)—which issued to OPPO on July 12, 2022 as U.S. Patent No. 11386717, listing the '309 patent among its "References Cited"—the examiner specifically identified the '309 patent in an April 20, 2022 list of references cited by the examiner to OPPO.

30. Defendant's encouragement of others to use the Accused Instrumentalities—knowing that such use, as alleged herein, infringes at least claim 9 of the '309 patent—constitutes inducement of others under 35 U.S.C. § 271(b) — with specific intent or willful blindness, actively aiding and abetting others to infringe, including, but not limited to Defendant's partners, clients, customers, and end users. Defendant's encouragement of infringement includes actively advertising, promoting and distributing technical information through its website (and other sources) that the Accused Instrumentalities are specifically intended to enable the controlling of fingerprint acquisition functionality.

31. For example, on its website, Defendant expressly states:

> "Whether you own the latest OnePlus 8T, OnePlus 8 Pro or the OnePlus 7T, you'll be happy to find multiple ways of unlocking your smartphone including an in-display fingerprint sensor. OnePlus first introduced the in-display fingerprint sensor back in 2018 with the launch of the OnePlus 6T. It was the first smartphone to offer the feature in North America and we've been refining the speed and accuracy of it since. Besides being one of the fastest in the industry with a near 0.2 second response rate, our in-display fingerprint sensor acts as a reliable and convenient touchpoint for OnePlus users to unlock their smartphone and experience the best of OxygenOS."

See https://www.oneplus.com/fr/blog/thanks_giving, Exhibit 3. Defendant also expressly included an "In-display Fingerprint Sensor" in the specifications of multiple Accused Instrumentalities. *See* https://www.oneplus.com/global/12/specs, Exhibit 4; https://www.oneplus.com/global/12r/specs, Exhibit 5. Such conduct demonstrates Defendant's specific intent (or at least willful blindness) to actively aid and abet others to infringe, including but not limited to Defendant's partners and

downstream customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 9 of the '309 patent.

32. Upon information and belief, Defendant is also liable as a contributory infringer of the '309 patent under 35 U.S.C. § 271(c). Defendant offers to sell, sells and/or imports into the United States the Accused Instrumentalities, which are especially configured to enable fingerprinting functionality. Defendant's activities, as shown in Exhibit 8, constitute an infringement of the '309 patent. The Accused Instrumentalities are material components for use in practicing the '309 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

33. The Accused Instrumentality infringed and continues to infringe at least claim 9 of the '309 patent during the pendency of the '309 patent.

34. Vkansee has been harmed by Defendant's infringing activities.

## DAMAGE

As a result of Defendant's acts of infringement, Vkansee has suffered actual and consequential damages. To the fullest extent permitted by law, Vkansee seeks recovery of damages at least in the form of reasonable royalties.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vkansee demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Vkansee demands judgment for itself and against Defendant as follows:

A. An adjudication that the Defendant has infringed the patents asserted herein;

B. An award of damages to be paid by Defendant adequate to compensate Vkansee for Defendant's past infringement of the patents asserted herein, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of CDN's reasonable attorneys' fees; and

      D.      An award to Vkansee of such further relief at law or in equity as the Court deems just and proper.

| | |
|---|---|
| Dated: June 13, 2025 | */s/ James M. Lennon*<br>Timothy Devlin<br>tdevlin@devlinlawfirm.com<br>James M. Lennon<br>jlennon@devlinlawfirm.com<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Ave.<br>Wilmington, DE 19806<br>Telephone: (302) 449-9010<br>Facsimile: (302) 353-4251<br><br>*Attorneys for Plaintiffs*<br>Vkansee Technology, Inc.<br>Vkansee (Beijing) Technology Co., Ltd. |